**United States District Court**
**District Of Massachusetts**

Timothy P Kearney Jr

V.

May Department Stores
AKA Filene's

Gregory Jackson

Eric Van Der Valk

Shawn Tubman

Civil Action

NO._____

**Complaint**

**Parties**

1. The Plaintiff, Timothy P Kearney Jr., is a resident of Arlington, Middlesex County, Massachusetts and is a citizen of the United States.
2. The Defendant, May Department Stores, is located in St Louis MO.
3. The Defendant Eric Van Der Valk, is a resident of Boston, Suffork County, Massachusetts and is a citizen of the United States.
4. The Defendant Shawn Tubman, Massachusetts and is a citizen of the United States.
5. The Defendant Greg, Jackson is a resident of Massachusetts and is a citizen of the United States.

**Jurisdiction**

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.

**Facts**

7. Mr. Kearney worked at Filene's for 12 years beginning in 1990 receiving positive reviews and promotions during that time.
8. In early November of 2002 Mr. Kearney received a prognosis from Robert P Austin PHD, a licensed clinical Psychologist of ADD.
9. On November 13, 2002 Mr. Kearney told his superiors of this professional assessment and provided literature on ADD. Mr Kearney met with mr. Jackson. Mr. Tubman and Mr. Van Der Valk the next day. Mr. Kearney asked them if they had read the literature provided and if they would accommodate him. They

       answered no to both questions. The grounds they cited for refusing an accommodation were that Mr. Kearney had not produced medical proff.

10. On November 20, 2002, Michael P Biber, MD, a neurologist performed neurological testing, which indicated that Mr. Kearney suffered from ADD. Dr. Biber wanted an additional daylong test from a Neurophysiologist for conformation. Mr. Kearney obtained the earliest appointment he could get, January 28, 2003. On November 21, 2003, the very next day after Dr. Biber's results, Mr. Kearney informed Jackson Tubman and Van Der Valk of all these facts. Again Filene's refused accommodation.
11. Filene's prepared negative evaluations of Mr. Kearney's work. These criticisms could have been corrected at any point by following the accommodations Mr Kearney requested.
12. On January 28, 2003 Mr. Kearney received a complete medical diagnosis of ADD from Dane Perez-Dahill, Ph.D, ABBP, licensed psychologist and Cheryl Weinstein, Ph.D. Clinical Neurophysiologist, both of Beth Israel Hospital. Their Diagnosis: Attention Deficit Disorder in the presence of a superior intellect.
13. On January 29, 2003, the next day, Mr. Kearney was called into a meeting with Jackson, Tubman and Van Der Valk. Before he could inform them of the official diagnosis, they terminated him. Mr. Kearney informed them of the medical diagnosis they had asked for but they refused to reconsider.
14. Mr. Kearney asked for a copy of his personnel file, Filene's removed all good reviews from it before providing.
15. WHEREFORE, The Plaintiff demands judgment against the defendants for damages and such relief this Court deems just.

Signature: *[signed]*

Name:      Timothy P. Kearney Jr.

Address:    100 Everett Street
               Arlington, Massachusetts, 02474

Telephone #:  (781) 643-3341

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108

AUG 0 5 2004

Timothy P Kearney, Jr.
100 Everett Street
Arlington, MA 02474

    RE:  Timothy Kearney v. Filene's Department Stores
          MCAD DOCKET NO: 031300251

Dear Parties:

    On June 30, 2004 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on April 15, 2004.

    Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the <u>Lack of Probable Cause</u> finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient evidence to determine that an unlawful act of discrimination has been committed.

    All employment complaints where applicable, are dual filed with the U.S. Equal Employment Opportunity Commission (EEOC). Our finding will be forwarded to its Area Office, JFK Federal Building, Boston, MA 02203. The MCAD finding will be given substantial weight by the EEOC provided that such finding are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and or The Americans with disabilities Act of 1990.

                        Very truly yours,

                        Walter J Sullivan, Jr.
                        Investigating Commissioner

cc: Jill I Pilkenton
    May Department Stores Company
    Office of Legal Counsel
    611 Olive Street
    St. Louis, MO 63101

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Timothy P. Kearney<br>100 Everett Street<br>Arlington, MA 02474 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-00897 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

OCT 1 5 2004
(Date Mailed)

Enclosure(s)

cc: FILENE'S
611 Olive Street
Saint Louis, MO 63101