UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TIMOTHY P. KEARNEY, JR., PRO SE | ) | CIVIL ACTION NO. 05-10095-RWZ |
| Plaintiff, | ) | ANSWER AND JURY CLAIM OF |
| | ) | DEFENDANTS, THE MAY DEPARTMENT |
| v. | ) | STORES COMPANY a/k/a FILENE'S, |
| | ) | GREGORY JACKSON, ERIC VAN DER |
| THE MAY DEPARTMENT STORES | ) | VALK AND SHAWN TUBMAN |
| a.k.a FILENE'S, GREGORY | ) | |
| JACKSON, ERIC VAN DER VALK | ) | |
| AND SHAWN TUBMAN | ) | |
| Defendants. | | |

**THE DEFNDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES**

COME NOW defendants The May Department Stores Company d/b/a Filene's,

Gregory Jackson, Eric Van Der Valk, and Shawn Tubman (collectively referenced herein as

"May" or "defendants"), and for their Answer to plaintiff's Complaint, state as follows:

**FIRST DEFENSE**

1.      Defendants state that they are without information or knowledge sufficient to form

a belief with respect to plaintiff's residence and citizenship. Defendants state, upon information

and belief, that plaintiff is a United States citizen. However, defendants can otherwise neither

admit nor deny the allegations contained in paragraph 1 of plaintiff's Complaint.

2.      In response to the allegations contained in paragraph 2 of plaintiff's Complaint,

May admits that it maintains corporate offices at 611 Olive Street in St. Louis, MO 63101.

3.      In response to the allegations contained in paragraph 3 of plaintiff's Complaint,

May denies that defendant Van Der Valk is a Boston and Suffolk County, Massachusetts resident

and admits that defendant Van Der Valk is a citizen of the United States.

4.     In response to the allegations contained in paragraph 4 of plaintiff's Complaint, May admits that defendant Tubman is a United States citizen and a resident of Massachusetts.

5.     In response to the allegations contained in paragraph 5 of plaintiff's Complaint, May admits that defendant Jackson is a United States citizen and a resident of Massachusetts.

6.     Plaintiff's paragraph 6 contains jurisdictional and/or legal allegations and opinions to which no response is required.  To the extent a response is otherwise required, May states that the statute referenced by plaintiff speaks for itself.  Except as expressly stated herein, or in the referenced statute, May denies the allegations in plaintiff's paragraph 6.

7.     May admits that plaintiff began work for Filene's in approximately 1990, and that he worked with Filene's until approximately January, 2003.  Any performance appraisals referenced by plaintiff speak for themselves.  Except as expressly set forth herein an in any performance appraisals, Filene's denies the allegations in paragraph 7 of plaintiff's Complaint.

8.     May lacks information sufficient to form a belief with respect to any alleged statements made by third parties to plaintiff and, therefore, can neither admit nor deny the allegations contained in paragraph 8 of plaintiff's Complaint related to alleged comments made by a Dr. Austin to plaintiff.  Any prognosis or medical documentation created by Dr. Austin speaks for itself.  Except as expressly set forth herein or in any medical records created by Dr. Austin, May denies the allegations in paragraph 8 of plaintiff's Complaint.

9.     May admits that on or about November 13, 2002, plaintiff gave defendants Jackson, Van Der Valk, and Tubman materials on ADD which plaintiff printed off the Internet. May also admits that when plaintiff provided the materials to Tubman, Tubman requested that plaintiff supply a doctor's verification establishing that plaintiff did, in fact, have ADD.  May also admits that plaintiff told defendant Jackson that a marriage counselor had suggested plaintiff

might have ADD. May also admits that Plaintiff told Jackson that when he (plaintiff) read the materials from the Internet, plaintiff believed the materials described him (plaintiff). May also admits that plaintiff met with Jackson and Tubman again on November 14, 2002. May also admits that during this meeting, plaintiff asked if the Internet materials had been read. May also admits that during this meeting, Tubman again reminded plaintiff that plaintiff needed to provide proof of actual diagnosis for his alleged ADD. Except as expressly admitted herein, May denies the allegations in paragraph 9 of plaintiff's Complaint.

10.    May lacks information sufficient to form a belief with respect to any alleged statements made by third parties to plaintiff, when (and why) third parties may have allegedly wanted alleged tests performed, and the time and date when appointments may have been available. May, therefore, can neither admit nor deny the allegations contained in the first two sentences of paragraph 10 of plaintiff's Complaint. In addition, any prognosis or medical documentation created by Dr. Biber speaks for itself. Except as expressly set forth herein or in any medical prognosis or documentation, May denies the allegations in paragraph 10 of plaintiff's Complaint.

11.    May admits that due to poor performance, plaintiff did receive documentation and counseling regarding his substandard performance in approximately March of 2002. Such documentation speaks for itself. Except as expressly set forth herein or in such documentation, May denies the allegations in paragraph 11 of plaintiff's Complaint.

12.    May lacks information sufficient to form a belief with respect to any alleged statements made by third parties to plaintiff as well as when plaintiff "received" anything from third parties. May, therefore, can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's Complaint. Also, any prognosis or medical documentation referenced speaks for

3

itself. Except as expressly set forth herein or in any referenced medical records, May denies the allegations in paragraph 12 of plaintiff's Complaint.

13.     May admits that in late January, 2003, defendants Jackson, Van Der Valk and Tubman met to tell plaintiff his position had been eliminated. May further admits that just before the meeting, plaintiff told Tubman he had ADD and could prove it. May further admits that plaintiff was separated from his employment. Except as expressly set forth herein, May denies the allegations in paragraph 13 of plaintiff's Complaint.

14.     The items in plaintiff's personnel file and/or his alleged "copy" of the same speak for themselves. In addition, defendants lack sufficient information necessary to form a belief with respect to what plaintiff intends to reference by use of the word "good." Except as expressly set forth herein or in any personnel file attributable to plaintiff, May denies the allegations in paragraph 14 of plaintiff's Complaint and specifically denies that it intentionally removed documents from plaintiff's personnel file in a manner designed to thwart any proper discovery required by any legal rules or procedure.

## GENERAL DENIAL

May further denies each and every allegation of fact, conclusion of law, or other matter, express or implied, contained in plaintiff's Complaint that has not otherwise been expressly admitted herein.

## SECOND DEFENSE

Further answering, plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

### THIRD DEFENSE

Further answering, all actions taken by defendants with regard to plaintiff were based on legitimate and reasonable business factors not related to any statutory or case law prohibition invoked by plaintiff.

### FOURTH DEFENSE

Further answering, plaintiff did not suffer from a "disability," as that term is defined in the pertinent statutory provision(s).

### FIFTH DEFENSE

Further answering, plaintiff failed to provide a diagnosis establishing that he suffered from any "disability," as that term is defined in the pertinent statutory provision(s), and otherwise failed to request any reasonable accommodation for any alleged "disability."

### SIXTH DEFENSE

Further answering, defendants acted in good faith and without any discriminatory motives.

### SEVENTH DEFENSE

Further answering, defendants assert that the individuals failed to otherwise aid and abet or otherwise incite defendant May to violate any statutory anti-discrimination provision(s).

### EIGHTH DEFENSE

Further answering, all actions taken by defendants with regard to plaintiff's employment were for good cause.

### NINTH DEFENSE

Further answering, all actions taken by defendants with regard to plaintiff were based on legitimate business justification and facts other than disability or any other prohibited basis.

### TENTH DEFENSE

Further answering, defendants assert that plaintiff has failed and neglected to use reasonable means to protect himself from loss and to mitigate the alleged losses and damages complained of his Complaint.

### ELEVENTH DEFENSE

Further answering, defendants assert that plaintiff has failed to satisfy all conditions precedent to pursuing his claims, including the timely exhaustion of administrative remedies.

### TWELFTH DEFENSE

Further answering, defendants assert that plaintiff is barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

### THIRTEENTH DEFNSE

Further answering, defendants assert that the allegations in plaintiff's Complaint are, in whole and/or in part, barred by the expiration of any and all applicable statutes of limitations.

### FOURTEENTH DEFENSE

Further answering, defendants assert that plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, unclean hands, and/or estoppel.

## FIFTEENTH DEFENSE

Further answering, defendants assert that any emotional and other injuries claimed by plaintiff were caused by the acts and omissions of third parties as opposed to defendants.

WHEREFORE, defendants deny that plaintiff is entitled to any relief as a result of the allegations set forth in his Complaint. Defendants request that judgment be awarded in their favor and that they be awarded their costs and disbursements incurred in this action, including attorneys fees and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MARTIN, MAGNUSON, McCARTHY & KENNEY

By: _____

Michael J. Keefe, BBO No. 263751
Attorney for Defendants.
101 Merrimac Street, 7th Floor
Boston, MA 02114
Phone (617) 227-3240
Fax (617) 227-3346

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed first class, postage prepaid to Timothy P. Kearney, Jr., Pro Se, 100 Everett Street, Arlington, MA 02474, this 29th day of April, 2005.

_____
Michael J. Keefe, Esq.