UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY P. KEARNEY, JR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE MAY DEPARTMENT STORES )<br>COMPANY a/k/a FILENE'S, GREGORY )<br>JACKSON, ERIC VAN DER VALK, )<br>AND SHAWN TUBMAN, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 05-10095-RWZ |

### DEFENDANT'S CASE MANAGEMENT PLAN

Pursuant to Local Rule 16.1(D)(1)-(2), through counsel, hereby submit the following proposed Joint Case Management Plan.

**1.   The Status of Service of Process and Jurisdiction**

Service of process has been completed. Jurisdiction is not disputed.

**2.   The Status of Responsive Pleadings to the Complaint**

Defendants have already filed an Answer to plaintiff's Complaint.

**3.   Discovery Plan**

(a)   **The staging and timing of discovery for the phases of the case, including settlement, dispositive motions, and trial if necessary.**

Parties will exchange Rule 26 Initial Disclosures on or before June 30, 2005, if they have not already been exchanged.

Discovery will be completed on or before January 13, 2006. Any related discovery motions shall be filed on or before January 3, 2006.

1

(b) **The desirability of limiting discovery to certain claims and the propriety of limitation on the type and extent of discovery, including but not limited to the number of depositions and number of interrogatories, based on the particular needs and stages of the case and the costs of litigation.**

Timely discovery within the timeline for completing discovery noted above is not stayed during dispositive motions, unless ordered by the Court. All discovery, including admissions, shall be supplemented where appropriate. Supplementations under Rule 26(e) are due promptly upon learning of the incompleteness of a response. Discovery shall be limited in that each side may not take more than 10 depositions or serve more than 25 interrogatories absent leave from this Court.

(c) **The necessity of any protective order or other limitations on discovery.**

Either party may seek an appropriate protective order to limit disclosure of confidential information revealed during discovery. Each party agrees in advance, however, that the other party may mark as confidential (1) any human resources documents related to medical issues; (2) human resources/ personnel files related to any employees of defendant other than plaintiffs; and (3) any financial information and other documents deemed to be proprietary or in need of confidential protection. Such documents will not be disclosed to any party outside this action. If a party disagrees with designations of confidentiality, such party may seek appropriate redress from the Court.

(d) **Identification of other disputes that may develop in the course of discovery.**

The parties foresee no such disputes at this time.

4.  **Settlement**

The parties have not yet discussed settlement. Plaintiff has not yet advanced a settlement demand to defendants. However, the parties are open to informal settlement discussions as well as Court ordered mediation, preferably after the parties have finished the initial round of depositions.

5.  **The need for adopting special procedures due to the complexity of the issues, multiple parties, difficult dispositive issues, or unusual proof problems.**

The parties do not anticipate the need for special proceedings at this time.

6.  **Expert Witnesses**

In the event that experts are used, plaintiffs shall disclose Rule 26 experts and expert reports by October 28, 2005 and defendant shall disclose Rule 26 experts and expert reports by November 28, 2005.

   (b) **The need for counterclaims, cross-claims, third party claims, amendments to the pleadings, joinder of parties or claims, and/or maintenance of a class action.**

The last date to move to amend the pleadings will be June 30, 2005. Defendant does not foresee filing any counterclaims, joining parties, or amending pleadings at this time, but the last date for Defendant to move to amend the pleadings will be June 30, 2005 as well.

   (c) **The identification of dispositive legal issues and any significant pretrial motions that the parties contemplate filing.**

All potentially dispositive motions shall be filed no later than January 20, 2006, although any party may file a dispositive motion at any time during discovery. Briefs responsive to any Motion or Opposition, including Reply briefs, shall be filed in accordance with the time frame set forth in the Local Rules.

  (d) <u>The scheduling of any other events or deadlines appropriate for the case, and the scheduling of any hearing before the case manager or any pending or anticipated motions covered under 26 U.S.C. section 636(b)(1)(A).</u>

  This case shall be set for trial in May 2006. The parties anticipate that this trial will last 3-5 days. A pre-trial conference shall be set for _____. The Court will set such specific dates and times by separate order.

            Respectfully submitted,

            MARTIN, MAGNUSON, McCARTHY & KENNEY

            By:_____
            Michael J. Keefe, BBO No. 263750
            101 Merrimac Street, 7th Floor
            Boston, MA 02114
            Phone (617) 227-3240
            Fax  (617) 227-3346

            Michael E. Franklin
            The May Department Stores Company
            Office of Legal Counsel
            611 Olive Street, Suite 1750
            St. Louis, Missouri 63101
            Telephone: (314) 342-6055
            Facsimile: (314) 342-3066

            *Attorneys for Defendants*

            By:_____
            Timothy P. Kearney, Jr.,
            100 Everett Street, Arlington, MA 02474

            *Plaintiff*

It is so ORDERED:

_____