UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY P. KEARNEY, JR, ) | |
| ) | CIVIL ACTION NO. 05-10095-RWZ |
| Plaintiff, ) | |
| ) | |
| v. ) | Initial Disclosures |
| ) | |
| THE MAY DEPARTMENT STORES ) | |
| COMPANY a/k/a FILENE'S, GREGORY ) | |
| JACKSON, ERIC VAN DER VALK, ) | |
| AND SHAWN TUBMAN, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RULE 26(a)(1) DISCLOSURES

COME NOW defendants The May Department Stores Company d/b/a Filene's, Gregory Jackson, Eric Van Der Valk, and Shawn Tubman (collectively referenced herein as "May" or "defendants"), and in accordance with Federal Rule of Civil Procedure 26(a)(1) make their initial disclosures by stating as follows:

(A)   May has reason to believe that in addition to plaintiff and the individual defendants, the following individuals are likely to have discoverable information that May may use to support claims or defenses in this matter. As May's investigation of the allegations raised in plaintiff's baseless Complaint continues, May reserves the right to amend and supplement these disclosures.

- **Various Human Resources Executives**

    The Human Resources executives have knowledge as to the company's policies and procedures. If Plaintiff will specify the policies and procedures or area for which testimony may be needed, May will produce the appropriate witness.

- **All persons deposed or mentioned in any depositions taken in this case.**

- **All persons examined under oath or mentioned in any examination under oath taken in the investigation of this claim.**

- **Any and all witnesses listed by Plaintiffs.**

- **Any and all impeachment and rebuttal witnesses.**

- **Plaintiffs' co-workers**

    Such individual(s) may possess information regarding plaintiff, his work performance, his allegations of having a disability, and the circumstances concerning his bringing of this lawsuit as well as his separation from employment.

The individuals listed above may have discoverable information on other relevant topics beyond the descriptions set forth. In addition to the listed individuals, numerous other individuals may have limited or duplicative discoverable information about some aspect of the claims or defenses in this case, including individuals who may have received copies of relevant documents. May reserves the right to use additional fact witnesses identified through discovery or independent investigation. Any and all contact with defendants and/or management-level employees of May should be through undersigned counsel.

(B) May has reason to believe that the following documents contain discoverable information that May may use to support its defenses in this matter. By identifying said documents, May does not waive any objection as to their relevance or admissibility at trial. As May's investigation of the allegations raised in plaintiff's Complaint continues, May reserves the right to amend these disclosures. To the extent May later identifies additional documents which are not identified herein and which are not otherwise produced in response to a Rule 34 Request for Production, May will seasonably amend these disclosures. Except where otherwise noted, copies of the documents listed below are currently in the possession of May counsel and are available for inspection at a mutually agreeable time.

- All documents in plaintiff's personnel file, including, but not limited to, any documents concerning plaintiff's performance (including, but not limited to, performance appraisals and documentation of plaintiff's substandard performance), discipline history, compensation (including plaintiff's receipt of severance pay), and the reasons for plaintiff's separation.

- May's personnel policies, work rules, employee guidelines and any similar materials, including but not limited to, EEO and non-discrimination policies and associate handbooks;

- Documents concerning plaintiff's efforts at mitigation or lack thereof (not in possession of May);

- Documents concerning plaintiff's alleged damages (not in possession of May);

- Documents concerning plaintiffs' filings with the EEOC or any other administrative agency, with respect to plaintiff's separation from employment (some in possession of May);

- All medical records related to plaintiff's alleged disability (not in May's possession);

- The Pleadings in this case;

- Documents evidencing May's training of its employees on its EEO policies; and

- All non-privileged documents related to May's promotion, hiring, and/or accommodation of individuals with disabilities recognized under the Americans with Disabilities Act.

(C)   Section (C) of Rule 26(a)(1) regarding damages is not applicable to May, although May may seek its attorneys' fees, costs and expenses connected with its defense of this matter.

(D)   Defendant May is self-insured in an amount sufficient to cover any judgment in this case.

Respectfully submitted,

MARTIN, MAGNUSON, McCARTHY & KENNEY

By: _____
Michael J. Keefe, BBO No. 263751
101 Merrimac Street, 7th Floor
Boston, MA 02114
Phone (617) 227-3240
Fax   (617) 227-3346

Michael E. Franklin
The May Department Stores Company
Office of Legal Counsel
611 Olive Street, Suite 1750
St. Louis, Missouri 63101
Telephone: (314) 342-6055
Facsimile: (314) 342-3066

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed first class, postage prepaid to Timothy P. Kearney, Jr., Pro Se, 100 Everett Street, Arlington, MA 02474, this ___ day of June, 2005.

_____