UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| TIMOTHY P. KEARNEY, JR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE MAY DEPARTMENT STORES )<br>COMPANY a/k/a FILENE'S, GREGORY )<br>JACKSON, ERIC VAN DER VALK, )<br>AND SHAWN TUBMAN, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 05-10095-RWZ |

## **DEFENDANTS' MOTION TO EXTEND TIME FOR DEFENDANTS TO COMPLETE DISCOVERY**

Now come the defendants (The May Department Stores Company a/ka Filene's, Gregory Jackson, Eric Van Der Valk and Shawn Tubman), and hereby move for an order extending the time for the defendants only to complete discovery based on the plaintiff's failure to serve answers/response to written discovery and on the plaintiff's failure to appear for his deposition and based on fact that the Defendants' Motion To Compel Discovery has not yet been acted on and remains pending. As further grounds for the allowance of this motion the defendants state as follows:

1. The plaintiff alleges employment discrimination. The plaintiff is pro se. Returns of service with respect to the defendants were filed in March 31, 2005 and on various dates in April 2005. The defendants answered the complaint on May 5, 2005.

2. The court conducted a Scheduling Conference on June 15, 2005. At said conference, the Court set the following deadlines: Discovery due by November 28, 2005; further conference December 28, 2005.

3. On June 21, 2005, the defendants served the plaintiff with interrogatories, a request for production of documents and a set of requests for admissions. At that time the defendants also noticed the plaintiff's deposition for August 31, 2005 and advised Mr. Kearney that the defendants required the plaintiff to serve answers/responses to the written discovery prior to the date of the deposition. (Id.).

4. As of mid August 2005, the plaintiff had not answered/responded to the defendants' discovery. Therefore, on August 23, 2005, counsel for the defendant wrote Mr. Kearney to request answers/responses to the discovery in advance of the scheduled deposition date.

5. Thereafter, Mr. Kearney called counsel for the defendant (during the week of August 22, 2005) and left a message to advise that his deposition could not go forward on August 31, 2005 because he would be traveling out of town and would be unavailable.

6. On August 30, 2005, counsel for the defendants once again wrote Mr. Kearney in an effort to resolve the issues arising from the plaintiff's ongoing failure to answer/respond to written discovery and to request possible dates for the deposition of the plaintiff so the same could be rescheduled.

7. Not having received any response/cooperation from Mr. Kearney, counsel for the defendant wrote follow-up letters to Mr. Kearney on October 4, 2005 and October 12, 2005, in a continuing effort to resolve this dispute. Nevertheless, the plaintiff still refuses to respond to the correspondence of defense counsel, has not answered/responded to the defendants written discovery and has not provided dates for his deposition.

8. On October 31, 2005 the defendants filed Defendants' Motion to Compel Discovery. Said motion sought an order compelling the plaintiff to answer/respond to written discovery and appear for his deposition in November 2005 so the defendants could complete discovery prior to the November 28, 2005 deadline. Said motion was not opposed by the plaintiff and remains pending with the Court.

9. As of this motion, the plaintiff has not served any discovery on the defendants and has not noticed any deposition(s).

10. A litigant's pro se status does relieve the litigant of his/her obligation to comply with the Federal Rules of Civil Procedure and the procedural rules of the district court. F.D.I.C. v. Anchor Properties, 13 F.2d. 27 (1st Cir. 1994). The defendants have been pursuing written discovery and the deposition of the plaintiff since within a few days of the Scheduling Conference. Nevertheless, the plaintiff has failed to provide discovery responses, has not appeared or provided dates for his deposition and has not responded to the many efforts by the defendants to resolve this issue short of a motion to compel. Therefore, given the approaching discovery deadline of November 28, 2005, the defendants filed a motion to compel but said motion remains pending. In view of the defendants diligent efforts to obtain and pursue the discovery they deem necessary, and given the failure by the plaintiff to serve any discovery or notice any depositions within the time allowed for such by the Court, the defendants request that the Court extend the time for the defendants only to complete discovery to a date thirty days from the later of the service by the plaintiff of responses to the defendants' written discovery or the deposition of the plaintiff.

Respectfully submitted,

MARTIN, MAGNUSON, McCARTHY & KENNEY


<u>/s/ Michael J. Keefe</u>
Michael J. Keefe, BBO No. 263751
101 Merrimac Street, 7th Floor
Boston, MA  02114
Phone (617) 227-3240
Fax   (617) 227-3346
Attorney for Defendants

**CERTIFICATION PURSUANT TO LOCALA RULES**
**7.1(A)(2) AND 37.1**

The undersigned certifies that prior to filing the above motion, I attempted in good faith to confer with the pro se plaintiff in an effort to narrow or resolve this dispute, but the plaintiff has not responded to my requests for a discovery conference.

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed first class, postage prepaid to Timothy P. Kearney, Jr., Pro Se, 100 Everett Street, Arlington, MA 02747 this 31st day of October, 2005.

/s/ Michael J. Keefe
Michael J. Keefe, BBO No. 263751
101 Merrimac Street, 7th Floor
Boston, MA  02114
Phone (617) 227-3240
Fax   (617) 227-3346
Attorney for Defendants.